UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No. SACV 13-01626-CJC(DFMx)                    Date:  July 31, 2014

Title: RUBITH HERNANDEZ V. COLLECTION BUREAU OF AMERICA, LTD.

PRESENT:

### HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

Michelle Urie                                       N/A
Deputy Clerk                                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                       None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S
MOTION TO STAY ACTION** [filed 6/30/14]

Having read and considered the papers presented by the parties, the Court finds
this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local
Rule 7-15.  Accordingly, the hearing set for August 4, 2014 at 1:30 p.m. is hereby
vacated and off calendar.

Plaintiff Rubith Hernandez filed a putative class action complaint alleging that
Defendant Collection Bureau of America Ltd. ("CBA") violated the Telephone
Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by using an automated
telephone dialing system to call her four times on her cellular phone in order to collect a
debt that she did not owe.  On April 16, 2014, CBA moved for summary judgment on
grounds that the equipment it used to call Ms. Hernandez was not an "automated
telephone dialing system" as defined by the TCPA.  The Court denied CBA's motion.
(Dkt. No. 20 ["Order"].)  CBA now moves the Court to stay the present action pending a
determination by the FCC of various questions implicated by Ms. Hernandez's
Complaint, including whether the TCPA applies to non-telemarketing calling activity and
whether equipment that lacks the current capacity for random sequential number
generation constitutes an automatic telephone dialing system.  (Dkt. No. 23-1 ["CBA
Mot. to Stay"] at 5.)  Ms. Hernandez does not oppose CBA's motion to stay.

The primary jurisdiction doctrine is a prudential doctrine that "allows courts
to stay proceedings or to dismiss a complaint without prejudice pending the resolution of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-01626-CJC(DFMx)                    Date:  July 31, 2014
                                                    Page 2

---

an issue within the special competence of an administrative agency."  *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008).  Under the doctrine, the question is whether "an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry, rather than by the judicial branch."  *Id.*  In making such a determination, the Ninth Circuit instructs courts to consider whether the question before them presents  "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity that (4) requires expertise or uniformity in administration."  *Syntek Semiconductor Co., Ltd. v. Microchip Tech., Inc.,* 307 F.3d 775, 781 (9th Cir. 2002).

The standard is met here.  As the Court's prior summary judgment order in this matter made evident, Ms. Hernandez's claims turn, in significant part, on whether CBA's dialing equipment constitutes an automated telephone dialing system.  Interpretation of that term is guided by the Federal Communications Commission's declaratory rulings on the subject.  (Order at 3–4.)  While the Court's prior ruling has already determined the question whether CBA's equipment constitutes an automated telephone dialing system, (*see id.* at 5–6), it appears that the FCC is in the process of reconsidering, or at least clarifying, the meaning of the term.  For example, since June 2012, the FCC has been considering the issue whether "predictive dialers that (1) are not used for telemarketing purposes and (2) do not have the current ability to generate and dial random or sequential numbers, are not 'automatic telephone dialing systems' " under the TCPA.  (*See* Dkt. No. 23 ["Wright Decl."] Exh. E (petition for declaratory ruling submitted to the FCC).)  A September 2013 correspondence between several members of Congress and the then-acting head of the FCC indicates that the FCC anticipates resolving the matter soon.  (*See* Wright Decl. Exh. G.)  Other related petitions are similarly pending before the FCC.  (*See* Wright Decl. Exhs. A, I.)

//
//
//
//
//
//
//

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-01626-CJC(DFMx)                    Date:  July 31, 2014
                                                    Page 3

---

      Given that the FCC's anticipated guidance may substantially impact the merits of Ms. Hernandez's claim, and given that Ms. Hernandez does not oppose the motion, the Court finds that a stay of the action is warranted.  Accordingly, CBA's motion to stay is **GRANTED** and the present action is **STAYED** pending the FCC's resolution of the related administrative actions.[1]  The parties are **ORDERED** to file a joint status report with the Court regarding the progress of the FCC's administrative action no later than six months from the date of this order.

rrd

MINUTES FORM 11
CIVIL-GEN                                          Initials of Deputy Clerk MU

---

[1] Given that the Court hereby stays the present action, Ms. Hernandez's motion for class certification, filed on May 5, 2014, (Dkt. No. 22), is **DENIED WITHOUT PREJUDICE**.  The motion may be refiled after the stay on the action is lifted.